IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORDIS CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BOSTON SCIENTIFIC CORPORATION, and<br>BOSTON SCIENTIFIC SCIMED, INC.,<br><br>　　　　Defendants. | Civil Action No. _____<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Cordis Corporation ("Cordis"), by its attorneys, for its Complaint against defendants Boston Scientific Corporation and Boston Scientific Scimed, Inc., alleges as follows:

### THE PARTIES

1. Plaintiff Cordis is a corporation organized and existing under the laws of the State of Florida and having a principal place of business at 33 Technology Drive, Warren, New Jersey. Cordis is a pioneer in developing invasive treatments for vascular disease, including the CYPHER® drug-eluting stent, a drug/device combination for the treatment of coronary artery disease.

2. Upon information and belief, Defendant Boston Scientific Corporation is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business at One Boston Scientific Place, Natick, Massachusetts 01760. Upon information and belief, Defendant Boston Scientific Scimed, Inc. is a corporation organized and existing under the laws of Minnesota and having a principal place of business at One Scimed Place, Maple Grove, Minnesota 55311. Upon information and belief, BSC Scimed, Inc. is a

subsidiary of Boston Scientific Corporation. Boston Scientific Corporation and Boston Scientific Scimed, Inc. will be collectively referred to herein as "BSC."

## JURISDICTION AND VENUE

3. This action arises under the Patent Laws of the United States (35 U.S.C. § 1, *et seq.*).

4. This Court has subject matter jurisdiction over the causes of action asserted herein pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over BSC. On information and belief, BSC has systematic and continuous contacts in this judicial district, regularly transacts business within this district, and regularly avails itself of the benefits of this district. On information and belief, BSC also sells and distributes medical devices in this district, including vascular devices. Upon information and belief, BSC derives substantial revenues from sales in this district. Moreover, this Court has personal jurisdiction over Defendant Boston Scientific Corporation, as it is incorporated in the State of Delaware.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## FACTUAL ALLEGATIONS

7. On July 11, 2000, the USPTO duly and legally issued United States Patent No. 6,086,604, entitled "Stent Having a Multiplicity of Undulating Longitudinals" (the " '604 patent"). Cordis owns the '604 patent, including all rights, title and interest therein. A true and correct copy of the '604 patent is attached as Exhibit A.

8. On April 15, 2003, the USPTO duly and legally issued United States Patent No. 6,547,817, entitled "Stent Having a Multiplicity of Undulating Longitudinals" (the "

'817 patent"). Cordis owns the '817 patent, including all rights, title and interest therein. A true and correct copy of the '817 patent is attached as Exhibit B.

9. On April 6, 2004, the USPTO duly and legally issued United States Patent No. 6,716,240, entitled "Stent Having a Multiplicity of Undulating Longitudinals" (the " '240 patent"). Cordis owns the '240 patent, including all rights, title and interest therein. A true and correct copy of the '240 patent is attached as Exhibit C.

10. At least as early as July 2, 2008, BSC began importing the PROMUS® drug-eluting stent (the "Promus stent") into the United States, as well as offering to sell and selling the Promus stent in the United States. Since then, BSC has continued to import the Promus stent into the United States, as well as offering to sell and selling it in the United States.

## COUNT I: BSC'S INFRINGEMENT OF THE '604 PATENT

11. Plaintiff realleges paragraphs 1-10 above as if fully set forth herein.

12. BSC has infringed and is infringing the '604 patent in violation of 35 U.S.C. § 271 by, without limitation, importing the Promus stent into the United States and offering to sell and selling the Promus stent in the United States.

13. Cordis has been damaged as a result of BSC's infringing conduct. The Promus stent competes directly with Cordis's CYPHER® drug-eluting stent (the "Cypher stent"), and BSC's infringing sales have reduced Cordis's Cypher stent sales and caused irreparable harm to Cordis. BSC should therefore be enjoined from future infringement and should be ordered to pay damages to Cordis in an amount that adequately compensates Cordis for BSC's infringement of the '604 patent, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

14.     Upon information and belief, BSC has been aware of the '604 patent, has knowledge of the infringing nature of its activities, and has nevertheless continued its infringing activities, which have been and continue to be willful and deliberate.

### COUNT II: BSC'S INFRINGEMENT OF THE '817 PATENT

15.     Plaintiff realleges paragraphs 1-10 above as if fully set forth herein.

16.     BSC has infringed and is infringing the '817 patent in violation of 35 U.S.C. § 271, by, without limitation, importing the Promus stent into the United States and offering to sell and selling the Promus stent in the United States.

17.     Cordis has been damaged as a result of BSC's infringing conduct. The Promus stent competes directly with Cordis's Cypher stent, and BSC's infringing sales have reduced Cordis's Cypher stent sales and caused irreparable harm to Cordis. BSC should therefore be enjoined from future infringement and should be ordered to pay damages to Cordis in an amount that adequately compensates Cordis for BSC's infringement of the '817 patent, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

18.     Upon information and belief, BSC has been aware of the '817 patent, has knowledge of the infringing nature of its activities, and has nevertheless continued its infringing activities, which have been and continue to be willful and deliberate.

### COUNT III: BSC'S INFRINGEMENT OF THE '240 PATENT

19.     Plaintiff realleges paragraphs 1-10 above as if fully set forth herein.

20.     BSC has infringed and is infringing the '240 patent in violation of 35 U.S.C. § 271, by, without limitation, importing the Promus stent into the United States and offering to sell and selling the Promus stent in the United States.

21.     Cordis has been damaged as a result of BSC's infringing conduct. The Promus stent competes directly with Cordis's Cypher stent, and BSC's infringing sales have reduced Cordis's Cypher stent sales and caused irreparable harm to Cordis. BSC should therefore be enjoined from future infringement and should be ordered to pay damages to Cordis in an amount that adequately compensates Cordis for BSC's infringement of the '240 patent, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

22.     Upon information and belief, BSC has been aware of the '240 patent, has knowledge of the infringing nature of its activities, and has nevertheless continued its infringing activities, which have been and continue to be willful and deliberate.

## **PRAYER FOR RELIEF**

WHEREFORE, Cordis respectfully requests the following relief:

1.     The entry of judgment in favor of Cordis, and against BSC, that BSC has infringed and is infringing one or more claims of the '604 patent;

2.     The entry of judgment in favor of Cordis, and against BSC, that BSC has infringed and is infringing one or more claims of the '817 patent;

3.     The entry of judgment in favor of Cordis, and against BSC, that BSC has infringed and is infringing one or more claims of the '240 patent;

4.     The entry of a permanent injunction, pursuant to 35 U.S.C. § 283, enjoining BSC from importing infringing products into the United States and from making, using, offering to sell, or selling infringing products in the United States;

5. An award of damages for BSC's infringement of the '604 patent, '817 patent, and/or '240 patent, together with interest (both prejudgment and post-judgment), costs, and disbursements as fixed by this Court under 35 U.S.C. § 284;

6. A determination that BSC's infringement is willful, and an award of treble the amount of damages and losses sustained by Cordis as a result of BSC's infringement, under 35 U.S.C. § 284;

7. An award of prejudgment and post-judgment interest on the damages caused by BSC's infringing activities and other conduct complained of herein;

8. A determination that this is an exceptional case within the meaning of 35 U.S.C. § 285, and an award to Cordis of its reasonable attorneys' fees; and

9. Such other and further relief, in law and in equity, which the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Cordis respectfully requests a trial by jury of any and all issues triable of right before a jury.

ASHBY & GEDDES

*/s/ Steven J. Balick*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Cordis Corporation*

*Of Counsel:*

David T. Pritikin
William H. Baumgartner, Jr.
Russell E. Cass
Marc A. Cavan
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000

Dated: January 15, 2010.